COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


R. L. H.
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0463-96-4      JUDGE JOHANNA L. FITZPATRICK
                                       OCTOBER 22, 1996
R. D. H.


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane M. Roush, Judge


JoAnne B. Butt for appellant.

Edwin C. Gillenwater for appellee.


The dispositive issue in this case is whether appellant timely noted her appeal from an adverse custody decision in the juvenile court. Finding no error, we affirm the decision of the trial court.

At the conclusion of an April 26, 1995 custody hearing in the Fairfax Juvenile and Domestic Relations District Court, the court awarded custody to the father (R. D. H.) (appellee). No final order was entered at that time. The mother (R. L. H.) (appellant) asserts that she filed a notice of appeal of this decision on May 3, 1995, prior to the entry of any court order. However, no appeal notice is reflected in the record. Appellant filed a motion to reconsider the custody decision that was denied on May 5, 1995. No order regarding the juvenile court's ruling

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

had been entered as of May 3, 1995, or at the time of the motion for reconsideration.

On June 16, 1995, appellant's counsel sent an original order reflecting the trial court's April 26, 1995 custody determination and the denial of appellant's May 5, 1995 motion to reconsider the custody award to appellee's counsel. On June 19, 1995, appellee's counsel mailed the order endorsed by both counsel to the juvenile court for entry, and notified appellant's counsel that the order had been transmitted to the court. On July 5, 1995, both counsel received a copy of the final order incorrectly dated May 26, 1995.

On July 7, 1995, a deputy clerk in the juvenile court changed the custody order to reflect an entry date of June 26, 1995, instead of the May 26, 1995 date inserted by the judge. The clerk then dated the notice of appeal submitted by appellant as being entered on June 29, 1995, rather than July 7, 1995, the actual date of submission. It is undisputed that appellant's notice of appeal was filed more than ten days after the entry of the final order.

On February 5, 1996, the trial court granted appellee's motion to quash and dismissed the appeal as untimely filed. The trial judge found that: (1) the final order from the juvenile court was entered on June 26, 1995; (2) the notice of appeal was filed on July 7, 1995; (3) the deputy clerk had no authority to backdate the appeal; and (4) the appeal was untimely.

2

Rule 8:20 governs the procedure for appealing from a judgment of the juvenile court, and provides as follows: "[A]ll appeals shall be noted in writing. An appeal is noted only upon timely receipt in the clerk's office of the writing. An appeal may be noted by a party or by the attorney for such party."

Code § 16.1-296(A) provides, in pertinent part: "From any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken within ten days from the entry of a final judgment, order or conviction." (Emphasis added).

This record establishes that no final order was entered reflecting the custody determination by the juvenile court until June 26, 1995. No notice of appeal dated May 3, 1995 appears in the court file. Assuming without deciding that a potential appeal was noted on May 3, 1995, it was premature. There was no final order from which to appeal. Appellant failed to note an appeal until July 7, 1995, eleven days after the final order was entered.[1]

Accordingly, we affirm the trial court.

<u>Affirmed.</u>

---

[1]Appellant's argument that the trial court should not have heard appellee's motion to dismiss on the day of trial has no merit. While the motion had been denied by another judge prior to trial, it was specifically entered "without prejudice" so that it could be raised again at trial.